UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                            Criminal No. 09-cr-182-01-JL

Peng Da Lin

**SUMMARY ORDER**

On April 15, 2010, the jury convicted defendant Peng Da Lin of four counts of trafficking in counterfeit goods under 18 U.S.C. § 2320(a). Lin has now renewed his motion for judgment of acquittal under Fed. R. Crim. P. 29(c), which this court denied after the close of evidence. The motion is again denied for the reasons previously stated on the record. This includes not only the reasons given immediately upon ruling, but also any other reasons given during the course of Lin's trial and the similar trials conducted just before and after it, during which this court revisited the Rule 29 issue several times. See United States v. Guo Qiao Lin, 09-cr-183-01-JL (D.N.H. Apr. 12, 2010); United States v. Junwu Chen, 09-cr-181-01-JL (D.N.H. Apr. 21, 2010).[1]

---

[1] The three defendants were tried back-to-back on similar charges and evidence. The same attorney, Mark Howard, represented all of them and made substantially the same Rule 29 arguments in all three cases.

Lin's only new argument is that the jury's "not guilty" verdict in one of those other two trials (Junwu Chen) "reinforces" the alleged insufficiency of the evidence in this case.  But as our court of appeals recently explained, "[w]hat the jury ultimately decided as to . . . similarly situated defendants is not relevant" to the Rule 29 analysis.  United States v. Angulo-Hernandez, 565 F.3d 2, 7 (1st Cir. 2009) (citing United States v. Powell, 469 U.S. 57, 67 (1984)).  Rather, the "pertinent question is whether a reasonable jury could have found [the defendant] guilty beyond a reasonable doubt based upon the evidence presented."  Id.  In this case, the answer to that question is yes.

The defendant asserts in his motion that the "Junwu Chen verdict demonstrates that reasonable minds could differ on the same evidence and that, accordingly, there must exist a reasonable doubt on the same evidence."  But to prevail on a Rule 29 motion, the defendant "bear[s] the heavy burden of demonstrating that no reasonable jury could have found [him] guilty beyond a reasonable doubt."  United States v. Munoz, 36 F.3d 1229, 1234 (1st Cir. 1994) (emphasis added).  Where reasonable minds could differ as to whether the prosecution proved the defendant's guilt beyond a reasonable doubt, the jury's verdict must be upheld.

For the reasons set forth above and incorporated by reference, Lin's motion for judgment of acquittal under Fed. R. Crim. P. 29(c)[2] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 14, 2010

cc:  Mark S. Zuckerman, AUSA
     Mark E. Howard, Esq.

---

[2]Document no. 48.